UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN DIAMOND, et al.,

 Plaintiffs,

v.

                Case No. 1:15-cv-696

CITY OF KALAMAZOO, et al.,

                HON. JANET T. NEFF

 Defendants.
_____/

## OPINION AND ORDER

Plaintiffs Ryan Diamond, Kathy Lang, Branden Diamond, Brieanca Diamond, and Craig Lang initiated this matter against the City of Kalamazoo, Michigan, and eleven members of its Department of Public Safety ("Defendants") after police officers responded to their complaint of an assault by a neighbor and Craig Lang, Brieanca Diamond, Ryan Diamond, and Branden Diamond were all arrested.[1] Defendants filed a Motion for Summary Judgment (ECF No. 83). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that Defendants' motion be granted in part and denied in part; specifically, that save for the false arrest and false imprisonment claims asserted by Plaintiffs Ryan Diamond and Branden Diamond against Defendant Elzinga, Defendants' motion for summary judgment be granted or Plaintiffs' claims be dismissed as determined in the Report and Recommendation.

---

[1] Plaintiffs subsequently agreed to dismiss Plaintiff Brieanca Diamond's claims and to dismiss Defendants Kelly Pittelkow, Gerald Bentley, John Resseguie, Anthony Morgan, John Hurst, and Paula Hensley (real name Paula Hensel), and the City of Kalamazoo.

The matter is presently before the Court on objections to the Report and Recommendation by Plaintiffs Ryan Diamond, Branden Diamond, and Craig Lang (ECF No. 95), to which Defendants have filed a Response (ECF No. 96). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiffs set forth five objections to the Report and Recommendation. The Court finds the objections without merit.

**Objection 1**

Plaintiffs object that the Report and Recommendation failed to adhere to the standard of review for summary judgment motions set forth by Federal Rule of Civil Procedure 56, which requires that the court consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. Plaintiffs argue that the Report and Recommendation improperly focused solely on the Complaint and disregarded the plethora of depositions, medical records, police reports, and other evidence presented by the parties in their respective Motions and Responses.

However, Plaintiffs' reliance on the Rule 56 standards is misplaced. The shortcomings in Plaintiffs' claims result from a failure to plead those claims, which was the basis of the Magistrate Judge's ruling that the claims failed. As Defendants point out, Plaintiffs' failure to allege facts personally implicating Defendants Schipper, Denharder, Geik, and Dahlinger in any constitutional violations is fatal to claims alleged under § 1983. Therefore, the Magistrate Judge's recommendation to dismiss Plaintiffs' claims against these defendants was not in error and is not contrary to Federal Rule of Civil Procedure 56. The Magistrate Judge properly applied the

governing legal standards. To the extent Plaintiffs object to the Magistrate Judge's discussion of Defendant Resseguie, who was previously dismissed, the Magistrate Judge committed no error since the discussion of the underlying circumstances pertains to the disposition of the remaining claims and Defendants. Objection 1 is denied.

**Objection 2**

Plaintiffs object that the Report and Recommendation erroneously found that Defendants had probable cause to arrest Plaintiff Craig. Plaintiffs further object that, as a result, the Report and Recommendation erroneously found Defendants entitled to summary judgment of Craig's illegal search and seizure claim.

Plaintiffs argue that given the facts they presented in their response to the motion for summary judgment and in their instant Objections, Defendants did not have probable cause to arrest Craig. Plaintiffs assert that Defendants should have looked beyond the evidence of Craig's guilt presented by witnesses Robeson, Williams and Pritchett, who were interested parties, to the totality of the circumstances. Plaintiffs state that "[i]t is clear that Defendants did not have enough information from the circumstances on which to base a suspicion sufficient to rise to the level of probable cause. Instead, Defendants used their own bias, along with the biased statements of interested parties, to manufacture probable cause" (ECF No. 95 at PageID.986-987). Additionally, "[d]ue to Defendants' failure to properly investigate the matter and their obvious retaliatory behavior, it cannot be conclusively established that Defendants truly had probable cause to arrest Plaintiff Craig" (*id.* at PageID.988).

Plaintiffs' argument is without merit. The Magistrate Judge properly considered the applicable Michigan law based on the record evidence and determined that there was a sufficient basis, i.e., probable cause, to arrest Craig for assault and battery (ECF No. 92 at PageID.963). The

Magistrate Judge noted that Craig's reliance on claims and/or evidence of self-defense did not alter the probable cause analysis (*id.*). Plaintiffs have failed to show any error in the Magistrate Judge's analysis or conclusion. This objection is denied.

**Objection 3**

Plaintiffs object that the Report and Recommendation erroneously found that Plaintiffs Ryan Diamond and Branden Diamond make no factual allegations against any defendants other than Defendant Elzinga.

This objection fails for the reasons stated in Objection 1. As the Magistrate Judge noted and Defendants point out in their response, Plaintiffs Ryan and Brandon Diamond alleged only that Defendant Elzinga was personally responsible for their illegal search and seizure and false arrest/imprisonment; they made no allegations against any other Defendant. Accordingly, the Magistrate Judge properly determined that the claims against any Defendant other than Defendant Elzinga should be dismissed (ECF No. 92 at PageID.963).

**Objection 4**

Plaintiffs object that the Report and Recommendation erroneously found that Plaintiffs Craig Lang's and Ryan Diamond's excessive force claims should be dismissed. This objection fails.

Again, as the Magistrate Judge noted and Defendants point out in their response, Plaintiff Craig Lang alleged in the Complaint that Defendant Resseguie subjected him to excessive force following his arrest by detaining Craig with "excessively tight handcuffs" and slamming him into a vehicle (ECF No. 92 at PageID.967; ECF No. 96 at PageID.1037). Because Defendant Resseguie was already dismissed, Craig's excessive force claims are properly dismissed.

As to Plaintiff Ryan Diamond, the Magistrate Judge thoroughly reviewed the evidence under the governing legal standards and properly concluded that Defendants were entitled to summary judgment (ECF No. 92 at PageID.968-971). This Court finds no merit in Plaintiffs' argument that a contrary result is required because Defendant Geik placed excessively tight handcuffs on Ryan and Defendant Elzinga failed to loosen them when asked. Moreover, the Magistrate Judge properly found that Ryan's alleged injury was de minimis and insufficient to maintain this claim. Objection 4 is denied.

**Objection 5**

Plaintiffs object that the Report and Recommendation erroneously found that Defendants are entitled to summary judgment on the malicious prosecution claims brought by Plaintiffs Craig Lang, and Branden and Ryan Diamond. Plaintiffs argue that the Magistrate Judge wrongly found that Plaintiffs failed to identify any evidence that proves Defendants' involvement in the decision to prosecute, because the evidence shows that Defendants did more than passively or neutrally participate in the decision to prosecute.

The Court disagrees. The Magistrate Judge noted that Plaintiffs "must present evidence sufficient to make the causal connection between the officers' alleged 'misstatements and falsehoods' and the subsequent decision to prosecute" (ECF No. 92 at PageID.972). Upon review of the record, the Magistrate Judge concluded that Plaintiffs failed to identify such evidence. Additionally, for the reasons stated above, the Magistrate Judge determined that the malicious prosecution claim asserted by Plaintiff Craig Lang failed on other grounds, including that probable cause existed for his arrest. Plaintiffs have failed to show any error in the Magistrate Judge's analysis or conclusion, and this Objection is therefore denied.

## Conclusion

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections of Plaintiffs Ryan Diamond, Branden Diamond, and Craig Lang (ECF No. 95) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 92) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 83) is GRANTED IN PART AND DENIED IN PART; specifically, save for the false arrest and false imprisonment claims asserted by Plaintiffs Ryan Diamond and Branden Diamond against Defendant Elzinga, Defendants' motion for summary judgment is granted or Plaintiffs' claims are dismissed, as determined in the Report and Recommendation.

Dated: September 5, 2017             /s/ Janet T. Neff
                                                              JANET T. NEFF
                                                               United States District Judge